DANIEL F. LYNCH  (DL-3025)
Attorney for Plaintiffs
20 Vesey Street, Suite 410
New York, New York  10007
(212) 571-4888


UNITED STATES DISTRICT COURT:
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
                                    :
VERONICA WEBSTER and                :
BEVERLY WEBSTER,                    :
                                    :
                  Plaintiffs,       :
                                    :   Plaintiffs Demand
                                    :   <u>Trial by Jury</u>
         -against-                  :
                                    :
                                    :   COMPLAINT
                                    :
THE CITY OF NEW YORK, POLICE OFFICER :   CIVIL ACTION
JOSE BARBOSA (Shield #20536), POLICE :   06 Civ. _____ (   )
OFFICER ROBERT ROGER (Shield #31873) :
and POLICE OFFICER IONMING YUAN     :
(Shield # 31120)                    :
                  Defendants.       :
                                    :
------------------------------------X


   PLAINTIFFS, Veronica Webster and Beverly Webster, by their attorney, Daniel F. Lynch, for their complaint allege as follows:


<u>NATURE OF CLAIMS</u>


   1.   Plaintiffs  seek  redress  pursuant  to  42  U.S.C.

1

Section 1983, et seq., for violation of rights secured by the Fourth Amendment, and by the Equal Protection and Due Process Clauses of the Fourteenth Amendment to the United States Constitution.

2. Plaintiffs also seek redress under Article I, Section 11 of the New York State Constitution for denial of equal protection, and redress for tortious conduct against Plaintiff by defendants through Negligent Hiring, Training and Supervision, False Arrest and Imprisonment, and Prima Facie Tort.

3. Plaintiff requests a jury trial.

## JURISDICTION

4. This Court is empowered by 28 U.S.C. Section 1331, 1343, 1367, 2201, and 2202, to hear and decide these claims for relief. This Court has pendant and supplemental jurisdiction over all claims asserted herein under the laws of the State of New York, pursuant to 28 U.S.C. § 1367 (a).

5. Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391 (a), (b) and (c).

PARTIES

6. Plaintiff Veronica Webster is a Sixty-Five year-old African-American female, a citizen of the United States, and she resides in the County of Bronx, in the State of New York. Plaintiff Beverly Webster is a Thirty-Seven year-old African-American female, a citizen of the United States, and she resides in the County of Bronx, in the State of New York. Veronica is Beverly's mother, and they both reside in the same apartment.

7. Defendant Jose Barbosa [hereinafter "Barbosa"], is a New York City Police Officer, Shield Number 20536, was employed by the New York City Police Department, and was assigned to the 45th Precinct at the time of the wrongs committed against Plaintiff. Defendant Robert Roger [hereinafter "Roger"], is a New York City Police Officer, Shield Number 31873, was employed by the New York City Police Department, and was assigned to the 45th Precinct at the time of the wrongs committed against Plaintiff. Defendant Ionming Yuan [hereinafter "Yuan"], is a New York City Police Officer, Shield Number 31120, was employed by the New York City Police Department, and was assigned to the 45th Precinct at the time of the wrongs committed against Plaintiff. At all pertinent times, Barbosa, Roger and Yuan acted under color of State law, and with the express and implied permission and knowledge of defendant The City of New York and The New York City Police Department, and as employees, were acting within the scope of their employment and in

furtherance of the business of The City of New York, and The New York City Police Department.  Suit is brought against defendants Barbosa, Roger and Yuan in their individual capacities.

8. Defendant The City of New York [hereinafter "NYC"] is a municipal corporation existing under and by virtue of the laws, charters and statutes of the State of New York.  The New York City Police Department [hereinafter "NYCPD"] is a governmental entity and/or agency of NYC, duly organized under the laws of the State of New York.

PRELIMINARY FACTS

9. Plaintiffs have complied with all conditions precedent to commencing this action and, in particular, on or about July 15, 2005, within ninety (90) days after the claim upon which this action is based, Plaintiffs duly served upon the defendants a Notice of Claim pursuant to and in full compliance with the provisions of § 50-e of the New York State General Municipal Law.

10. More than thirty (30) days have elapsed since the service of the Notice of Claim and adjustment or payment thereof has been rejected or refused by the defendants.

11. This action is being commenced within one (1) year

and ninety (90) days after the happening of the event upon which this claim is based.

12.  On August 26, 2005, statutory hearings of the Plaintiffs pursuant to New York State General Municipal Law § 50-h were conducted by the defendants.

## STATEMENT OF FACTS

13.  Plaintiffs Veronica and Beverly Webster were falsely arrested and detained by defendants Barbosa, Roger and Yuan on or about May 5, 2005, at approximately 9:30 p.m., at or in the location of 100 Benchley Place, in the County of Bronx, City and State of New York.  The arrests by defendants were made without cause or justification.  Defendants did intentionally, wilfully and maliciously, wrongfully, unlawfully, and unjustifiably arrest, detain, and assault Plaintiffs.  Defendants did additionally unlawfully and without cause or justification, forcibly enter and remain in Plaintiffs' private residence wherein they caused extensive damage to the residence.

14.  On or about May 5, 2005, Plaintiffs were lawfully maintaining their residence inside their apartment at 100 Benchley Place.  Plaintiff Veronica Webster's son (and Beverly's brother) Donald Webster, who suffers from mental illness and chemical abuse,

was outside the residence and demanded entry. When the Plaintiffs refused, Donald Webster called police and falsely reported that the Plaintiffs had robbed him. Police arrived an immediately discovered that Donald's report was obviously false, and began to physically restrain him.

15. When Plaintiffs heard the commotion outside, they immediately observed what they believed were defendants assaulting their son/brother and placing Donald in a choke hold. Plaintiffs protested verbally at the actions of the Police, and Veronica Webster said that she would have to take photographs of the assault upon Donald. Plaintiffs then retreated into their apartment. Several minutes later, defendants and others literally knocked down the door to Plaintiffs' apartment and unlawfully entered the apartment. Defendants Barbosa, Roger and Yuan participated in the unlawful entry, and thereafter Plaintiffs were arrested despite that Plaintiffs had committed no criminal act. Defendants and other ransacked Plaintiffs' apartment and held Plaintiffs in handcuffs while they illegally searched the premises.

16. On or about May 5, 2005 through May 6, 2005, and May 7, 2005, although they had committed no criminal act, Plaintiffs were arrested and charged with crimes. Plaintiff Veronica Webster was held in custody for approximately forty-four (44) hours, and Plaintiff Beverly Webster was held in custody for approximately twenty-nine (29) hours before being released at their criminal

court arraignments. Plaintiffs' cases were adjourned in contemplation of dismissal on July 12, 2006.

17. Plaintiff Beverly Webster has been caused to suffer severe injuries to the nerves in her wrist for which he has received medical treatment due to the handcuffs being placed too tight on her wrists.

18. Plaintiffs have additionally suffered severe psychological and emotional injuries requiring treatment which were also caused by the wrongs committed by defendants.

19. The conduct of the defendants in falsely arresting, and detaining Plaintiffs proximately caused Plaintiffs serious and permanent physical and emotional injury, pain and suffering, mental anguish, humiliation and embarrassment.

20. All conduct of the defendants herein was gross, willful, wanton, intentional, purposeful, and reckless, negligent and careless.

## Monell Claim

21. At all times material to this complaint, the

defendant NYC, acting through NYCPD, had in effect de facto policies, practices, and customs that were a direct and proximate cause of the unconstitutional conduct of defendants Barbosa, Roger and Yuan.  These de facto policies, practices and customs include, inter alia: the failure to properly screen, supervise, discipline, transfer, counsel, and/or otherwise control police officers engaged in the excessive and unjustified use of force, particularly those police officers who are repeatedly accused of such acts; and, the police code of silence wherein police officers regularly cover-up police use of excessive and unjustified force by telling false and incomplete stories, or by failing to report the use of excessive and unjustified force by police officers.

22.  The policy, practice and custom of failing to screen, discipline, supervise, counsel, transfer, and/or control police officers, is evidenced, inter alia, by the following: the increase in the number of allegations of excessive force complaints filed with the Civilian Complaint Review Board [hereinafter "CCRB"]; that in 1996, only 52 officers out of a force of 38,000 -- the largest police department in the country -- were punished because of action taken by the CCRB; that from July, 1993, to July, 1997, only one officer has been dismissed for brutality or other forms of misconduct which were investigated by the CCRB; that since at least 1984 defendant NYC has been on notice that their training of police officers has been inadequate and that police officers joining the force, including defendants Barbosa, Roger and Yuan

were disproportionately involved in misconduct and abuse, particularly involving excessive force and brutality (see, e.g., Mayor's Advisory Committee on Police Management and Personnel Policy, Final Report, February 24, 1987); that in 1990 the Office of Special Prosecutor, which investigated charges of police corruption, was abolished; that The Commission Report of the Commission to Investigate Allegations of Police Corruption and the Anti-Corruption Procedures of the Police Department ("Mollen Commission Report"), dated July 7, 1994, states "As important as the possible extent of brutality, is the extent of brutality tolerance we found throughout the Department. While the tolerance for brutality arises from the same set of police attitudes as the tolerance for corruption, there is an important difference. Unlike serious corruption, which most cops outwardly tolerate but inwardly deplore and resent, officers seem fairly tolerant -- both outwardly and inwardly -- of occasional police brutality. ... [M]any do not seem to believe that anything is really wrong with a few blows and bruises now and then.  Even officers who would never take a free cup of coffee, seem to tolerate what they believe is a little 'street justice.'  An excessive use of fists to face, nightsticks to ribs, and knees to groin are seen as the realities of policing."

23. On information and belief, the defendant NYC, and NYCPD have failed to effectively screen, hire, train, supervise and discipline their police officers, including the defendant police officers herein, for their propensity for violence, including

excessive and unjustified force and restraint, lack of truthfulness, and for their failure to protect citizens from unconstitutional conduct of other police officers, thereby permitting and allowing the defendant police officer herein to be in a position to assault, beat and/or excessively and unjustifiably restrain the Plaintiffs and to otherwise cause them injury and violate their federal and state constitutional rights.

24. On information and belief, defendants Barbosa, Roger and Yuan have been the subject of prior civilian and departmental complaints of misconduct that gave notice to, or should have given notice to, the defendants that defendants Barbosa, Roger and Yuan were likely to engage in conduct that would violate the civil and constitutional rights of the public, such as the conduct complained of by Plaintiffs herein.

25. On information and belief, the defendant NYC, and NYCPD, maintained an inadequate structure for risk containment and stress management relative to its police officers, and failed to create proper means of containing such risk and managing such stress. Inter alia, the structure was deficient, at the time of selection of police officers and thereafter during their employment, in its ability to evaluate and exchange information within the command structure about the performance of individual police officers; in its training of supervisory personnel to effectively and adequately evaluate performance of an officer; and

in its ability to otherwise put the command structure on notice that an individual or individuals were at significant levels of risk to the public at large or to specific segments thereof. The effect of this was to permit police officers to function at levels of significant and substantial risk to the public.

26. As a result of the foregoing conscious policies, practices, customs and/or usages, defendant NYC, and NYCPD, have permitted and allowed the employment and retention of individuals as police officers whose individual circumstances place the public or segments thereof at substantial risk of being the victims of violent behavior. Such policies, practices, customs and/or usages are a direct and proximate cause of the conduct alleged herein and are otherwise a direct and proximate cause of the injuries to Plaintiffs herein.

27. As a direct and proximate result of the defendant's wrongful policies, practices, customs and/or usages complained of herein, Plaintiffs have suffered severe physical, mental and emotional injury and pain, mental anguish, suffering, humiliation and embarrassment, both personally and professionally.

28. Defendant NYC is additionally liable under the legal principle of <u>Respondeat Superior</u>, in that defendants Barbosa, Roger and Yuan were on duty and were acting in the course and scope of their duties and employment as New York City Police Officers during

the false arrest, detention, and assault upon Plaintiffs.

FIRST CLAIM FOR RELIEF

42 U.S.C. § 1983

29. Plaintiffs repeat and reallege every assertion contained in paragraphs "1" through "28" of this Complaint as if recited at length herein.

30. By the aforesaid acts, defendants have violated plaintiffs' right to the equal protection of laws under the Fourteenth Amendment to the United States Constitution, thereby giving rise to a cause of action pursuant to 42 U.S.C. § 1983.

31. The conduct and actions of defendants Barbosa, Roger and Yuan, and defendant NYC, acting under color of law, in falsely arresting, and detaining Plaintiffs, was done intentionally, maliciously and/or with a reckless disregard for the natural and probable consequences of their acts, was done without lawful justification, and was designed to and did cause specific and serious bodily, mental and emotional harm, pain and suffering in violation of the Plaintiffs' Constitutional rights as guaranteed under 42 U.S.C. § 1983, and the Fourteenth Amendment to the United States Constitution.  The above-described actions and omissions

engaged in under color of state law by the defendants, including defendant NYC, sued as a person within the meaning of Title 42 U.S.C. § 1983, et seq., deprived the plaintiffs of rights including, but not limited to, their rights under the First Amendment guaranteeing freedom expression and association, the Fourth Amendment guaranteeing protection against unlawful seizure of his person, the Fifth and Fourteenth Amendments guaranteeing due process and equal protection under the law, and the Eighth Amendment guaranteeing protection from cruel and unusual punishment, and Title 42 U.S.C. 1983, et seq.

32. By reason of the Constitutional violations by defendants, Plaintiffs have been damaged as set forth above.

SECOND CLAIM FOR RELIEF

New York Constitution Art. I, § 11

33. Plaintiffs repeat and reallege every assertion contained in paragraphs "1" through "32" of this Complaint as if recited at length herein.

34. By the aforesaid acts, defendants have violated plaintiffs' right to the equal protection of laws under Article I, § 11 of the New York State Constitution, thereby giving rise to a cause of action pursuant to that Article.

35. The conduct and actions of defendants Barbosa, Roger and Yuan, and defendant NYC, acting under color of law, in falsely arresting, and detaining Plaintiffs, was done intentionally, maliciously and/or with a reckless disregard for the natural and probable consequences of their acts, was done without lawful justification, and was designed to and did cause specific and serious bodily, mental and emotional harm, pain and suffering in violation of the Plaintiffs' Constitutional rights as guaranteed under laws and Constitution of the State of New York.  The above-described actions and omissions engaged in under color of state law by the defendants, including defendant NYC, sued as a person within the meaning of Article I, § 11, deprived the plaintiffs of rights, including but not limited to, their rights under Article I, § 8, 9, guaranteeing freedom of expression and association, Article I, § 12, guaranteeing protection against unlawful seizure of his person, Article I, § 11 guaranteeing due process and equal protection under the law, and Article I, § 5 guaranteeing protection from cruel and unusual punishment.

36. By reason of the Constitutional violations by defendants, Plaintiffs have been damaged as set forth above.

## THIRD CLAIM FOR RELIEF

### Negligent Hiring, Training and Supervision

37. Plaintiffs repeat and reallege every assertion contained in paragraphs "1" through "36" of this Complaint as if recited at length herein.

38. The above-described injuries suffered by the Plaintiffs are the proximate result of the negligence of the defendant NYC, and NYCPD, in that the defendant NYC, and NYCPD failed to exercise reasonable care in the hiring, employment, supervision, and training of its employees.

39. The defendant NYC, and NYCPD had, or should have had, knowledge of the vicious and violent tendencies of its employees, including defendants Barbosa, Roger and Yuan. Defendant NYC, and NYCPD knew or should have known of the unlawful actions of Barbosa, Roger and Yuan through actual and constructive notice of their unlawful activities, including, but not limited to those allegations as set forth in paragraphs "21," "22," "23," "24," "25," "26," "27," and "28" above. Defendant NYC, and NYCPD failed to exercise reasonable care by retaining and not terminating the employment of defendants Barbosa, Roger and Yuan, or taking other appropriate corrective action. The occurrences complained of herein were due to the negligence and recklessness of the defendant NYC, and NYCPD.

40. By reason of the tortious conduct of defendants, Plaintiffs have been damaged as set forth above.

### FOURTH CLAIM FOR RELIEF

### False Arrest and Imprisonment

41. Plaintiffs repeat and reallege every assertion contained in paragraphs "1" through "40" of this Complaint as if recited at length herein.

42. By the aforesaid acts, defendants have unlawfully and unjustifiably arrested and detained Plaintiffs without any lawful cause whatsoever. Defendants acted willfully, unlawfully, maliciously, recklessly, and negligently in arresting and detaining Plaintiffs, despite Plaintiffs' innocence, and the actual presence of multiple witnesses ready, willing and able to provide confirmation of Plaintiffs' innocence.

43. By reason of the tortious conduct of defendants, Plaintiffs have been damaged as set forth above.

## FIFTH CLAIM FOR RELIEF

### Prima Facie Tort

44. Plaintiffs repeat and reallege every assertion contained in paragraphs "1" through "43" of this Complaint as if recited at length herein.

45. In falsely arresting, detaining, and assaulting Plaintiffs, defendants acted with malicious intent, recklessness, and negligence, to injure and harm Plaintiffs.

46. By reason of the tortious conduct of defendants, Plaintiffs have been damaged as set forth above.

47. For all claims arising under New York State Law, defendants are jointly and severally liable to the plaintiffs inasmuch as this action arises out of the exceptions set forth in § 1602, subdivisions 5, 7, and 11 of the Civil Practice Law and Rules.

WHEREFORE, Plaintiffs Veronica Webster and Beverly Webster respectfully request judgment upon all causes of action against defendant as follows:

1. With respect to defendant The City of New York:

   (a)  declaratory judgment declaring that defendant NYC has violated the aforesaid statutes and constitutions;

   (b)  restitution to plaintiffs of their rights, privileges, benefits and income which would have been received by him but for the defendants' unlawful, wrongful, tortious, and unconstitutional conduct;

   (c)  compensatory damages in an amount to be determined by the court and jury;

   (d)  punitive damages in an amount to be determined by the court and jury;

   (e)  reasonable attorney's fees, disbursements and costs of this action, pursuant to 42 U.S.C. § 1988;

   (f)  all legal and statutory interest on sums awarded;

   (g)  such other and further relief as this honorable court may deem just, proper and equitable.

2. With respect to defendants Barbosa, Roger and Yuan:

   (a)  declaratory judgment declaring that defendants have violated the aforesaid statutes and constitutions;

   (b)  restitution to plaintiffs of their rights, privileges, benefits and income which would have been received by him but for defendants' unlawful, wrongful, tortious, and unconstitutional conduct;

   (c)  compensatory damages in an amount to be determined by the court and jury;

  (d) punitive damages in an amount to be determined by the court and jury;

  (e) reasonable attorney's fees, disbursements and costs of this action, pursuant to 42 U.S.C. § 1988;

  (f) all legal and statutory interest on sums awarded;

  (g) such other and further relief as this honorable court may deem just, proper and equitable.

DATED: New York, New York  
    August 1, 2006

                Respectfully Submitted,

        By _____  
          Daniel F. Lynch (DL-3025)  
          Attorney for Plaintiff  
          20 Vesey Street, Suite 410  
          New York, New York  10007  
          (212) 571-4888